1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

MICHAEL J. DAVIS,                         )        No. C 05-3310 JSW (PR)
                                          )
9                        Plaintiff,       )        **ORDER DISMISSING COMPLAINT**
                                          )        **WITHOUT PREJUDICE AND**
10        vs.                             )        **DENYING LEAVE TO PROCEED IN**
                                          )        **FORMA PAUPERIS**
11   MARTINEZ DETENTION                   )
     FACILITY, et al,                     )        **(Docket no. 2)**
12                                        )
                         Defendants.      )
13   _____    )

14
15                                **INTRODUCTION**

16        Plaintiff, currently incarcerated in the Martinez Detention Facility in Martinez,

17   California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff

     seeks leave to proceed in forma pauperis (docket no. 2).  This order dismisses the
18
     petition and DENIES leave to proceed in forma pauperis as moot (docket no. 2).
19
                                  **DISCUSSION**
20
          Plaintiff's complaint, though largely incomprehensible, appears to challenge
21
     Plaintiff's detention without a hearing in Martinez Detention Facility on a probation
22
     violation.  Plaintiff asserts in his complaint for relief that he seeks release from custody,
23
     as no "amended charges" are pending against him.
24
     A.   Standard of Review
25
          Federal courts must engage in a preliminary screening of cases in which prisoners
26
     seek redress from a governmental entity or officer or employee of a governmental entity.
27
     *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims,
28

and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claim

In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In this case, Plaintiff's claims necessarily imply the invalidity of his continuing

2

confinement.  As such, they are DISMISSED without prejudice.

## CONCLUSION

Based on the foregoing, leave to proceed in forma pauperis is DENIED as moot (docket no.2).  The Clerk of Court shall close the file and enter judgment.

IT IS SO ORDERED.

DATED:  November 8, 2005

_____
JEFFREY S. WHITE
United States District Judge

3